**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Thomas Valentine<br><br>*Plaintiff*,<br><br>*v.*<br><br>George Washington University<br><br>George Washington Medical Faculty Associates<br><br>District Hospital Partners<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:24-cv-01081-UNA |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS GEORGE WASHINGTON UNIVERSITY & GEORGE WASHINGTON MEDICAL FACULTY ASSOCIATES' MOTION TO DISMISS</u>**

Now comes Plaintiff Thomas Valentine and files this response in opposition to Defendants George Washington University (GWU) & George Washington Medical Faculty Associates' (GWMFA) motion to dismiss:

## INTRODUCTION

1. This is a case of simple misjoinder of parties. Under FRCP Rule 21, Defendants George Washington University and George Washington Medical Faculty Associates can be dropped as defendants without dismissing the entire action.

## PROCEDURAL HISTORY

2. The original complaint was filed April 11, 2024 against George Washington University, George Washington Medical Faculty Associates, and Universal Health Services.

3. Plaintiff filed an amended complaint on July 16, 2024 naming George Washington University, George Washington Medical Faculty Associates, and District Hospital Partners as defendants.
4. Defendants George Washington University and George Washington Medical Faculty Associates filed a motion to dismiss on September 9, 2024.
5. Plaintiff requested, and was granted, an extension of time to file a response to the motion to dismiss on October 7, 2024.

## ARGUMENT

### A. GWU and GWMFA's Motion Is Properly Construed Under Rule 21, and Dismissal of Claims Against GWU and GWMFA Should Not Lead to Dismissal of the Entire Case

6. In the motion to dismiss, GWU and GWMFA contend that George Washington University Hospital (hereafter referred to as "GW Hospital" or simply "the hospital") is no longer owned in part by George Washington University. According to Defendants' Exhibit A, GWU had been a minority owner for 25 years before it sold its stake in the hospital in 2022.
7. Defendants further contend that Plaintiff did not interact with any GWU employees on the date of the incident.
8. Plaintiff was unaware that GWU had sold its stake in the hospital the year before the incident. Plaintiff acted reasonably in assuming that a hospital bearing the name "George Washington University Hospital" and located on the George Washington University campus was owned and operated in some way by George Washington University.
9. Defendants also state that while GWMFA does employ physicians who work at the hospital, it does not employ any of the persons Plaintiff names in his complaint.

10. Plaintiff acted reasonably in assuming that a company who employs a large number of people who work at the hospital employed some of the people with whom he interacted. No ordinary person could have been expected to understand the intricacies of the hospital's business practices and the differences in employment status between doctors, nurses, administrative personnel, security guards, and other employees.
11. Plaintiff has no reason at this time to dispute the veracity of GWU and GWMFA's assertions and affidavits regarding their relationships with the hospital.
12. However, nothing in GWU and GWMFA's motion gives reasonable cause to dismiss the action against the third Defendant, District Hospital Partners.
13. District Hospital Partners did not join the motion to dismiss, nor did the motion advocate for their dismissal as a party.
14. In fact, Exhibit B of the motion to dismiss explains that District Hospital Partners is now the sole owner of the hospital. *See* GWU and GWMFA's Motion to Dismiss Exhibit B, Paragraph 4.
15. Accepting GWU and GWMFA's assertions at face value leads to the reasonable and correct conclusion that this is a simple misjoinder of parties, which cannot result in the dismissal of the entire action.
16. Federal Rule of Civil Procedure 21 states, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

17. Rule 21 may be used for the dismissal of individual defendants without dismissing the entire action. *Stapleton v. Vicente*, Civil Case No. 5:18-cv-504-JMH-MAS (E.D. Ky. Jun. 14, 2019).

18. Plaintiff's claims against District Hospital Partners remain live, valid, and actionable, and should survive any dismissal of GWU and GWMFA from the case.

19. The Motion to Dismiss should be construed as a motion to drop GWU and GWMFA from the case under FRCP Rule 21.

B. **Plaintiff Stated a Plausible Claim for Disability Discrimination**

20. In their motion to dismiss, GWU and GWMFA make a rather cursory case that Plaintiff did not state a plausible claim for disability discrimination.

21. GWU and GWMFA's summary of Plaintiff's claims is incomplete and misrepresents the nature of the complaint.

22. As Plaintiff detailed in the sealed First Amended Complaint, the actions of the hospital were discriminatory on the basis of disability. Because GWU and GWMFA's drive-by attack on his discrimination complaint was brief and is inappropriate given that this is a case of misjoinder, Plaintiff will not embark on an extensive discussion of the issues, but in short: The hospital failed to reasonably accommodate Plaintiff by allowing him to stay with his relative during a critical time; failed to reasonably accommodate him by revoking the same reasonable accommodations he had been offered the first night; threatened and in fact tried to have him arrested; inflicted emotional distress on him; and engaged in other illegal acts and omissions. The hospital offered him a reasonable accommodation only after several crucial hours in which he was not reasonably

accommodated and he had to threaten legal action. The hospital also made clear that accommodations would not be made in the future.

23. GWU and GWMFA cite FRCP Rule 12(b)(6) as grounds for their motion to dismiss. "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff". *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). Judged under this standard, Plaintiff's allegations contain more than sufficient facts to state a legal claim for relief that is plausible on its face.

24. The allegations in the complaint are credible and weighty, and raise multiple legal issues which merit serious consideration. They cannot be dismissed based on four perfunctory sentences in GWU and GWMFA's brief.

**CONCLUSION**

This is a case of misjoinder of parties, which is not a ground for dismissing an action under FRCP 21. The Court may drop GWU and GWMFA without dismissing the action against District Hospital Partners.

Respectfully submitted,

/s/ Thomas Valentine

Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Consent Motion to Extend Time to Reply to Motion to Dismiss was filed via CM/ECF and served via email on this 23rd day of October, AD 2024, upon Defendants' counsel as follows:

Raymond C. Baldwin
SEYFARTH SHAW, LLP
Email: rbaldwin@seyfarth.com

Samantha Leader Brooks
SEYFARTH SHAW, LLP
Email: sbrooks@seyfarth.com

Karima Tawfik Thompson
BUCHANAN INGERSOLL & ROONEY PC
Email: karima.tawfik@bipc.com

Respectfully submitted,

/s/ Thomas Valentine

Plaintiff