**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS VALENTINE,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE WASHINGTON UNIVERSITY,<br><br>GEORGE WASHINGTON MEDICAL FACULTY ASSOCIATES,<br><br>DISTRICT HOSPITAL PARTNERS,<br><br>Defendants. | Civil Action No. 1:24-cv-01081-RC |

## **REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

GEORGE WASHINGTON UNIVERSITY ("GW" or "University") and GEORGE WASHINGTON MEDICAL FACULTY ASSOCIATES ("MFA") (collectively, "Defendants"), by counsel, submit their Reply in further support of their motion to dismiss (ECF No. 26).

## **Introduction**

Plaintiff concedes in his Response that neither GW nor MFA own or operate the Hospital, and that no GW or MFA employees denied him services. Accordingly, Plaintiff appropriately concedes his claims against GW and MFA should be dismissed, though erroneously cites "misjoinder" as the rationale. GW and MFA were not, however, incorrectly joined; they were incorrectly named. Given Plaintiff's substantive concessions, the claims against GW and MFA should be dismissed with prejudice.

## **Argument**

**GW And MFA Should Be Dismissed With Prejudice.** Plaintiff concedes that all claims against GW and MFA should be dismissed. Pl.'s Resp., ECF No. 31 at ¶¶1, 11-12, 15.

Further, Plaintiff does not contest and therefore concedes that no GW or MFA employees denied him services at the hospital, and that neither GW or MFA own or operate the hospital. Given these concessions, GW and MFA should be dismissed with prejudice, as there are no viable claims which could be made against them with respect to Plaintiff's assertion he was denied services at the hospital.

**Plaintiff Concedes He Has No Claims Against GW And MFA.** Consistent with the foregoing, Plaintiff does not address, and so concedes, GW's and MFA's position, including:

- Plaintiff's First Amended Complaint contains *one allegation* against GW and MFA in the "Parties" section, and this single allegation is insufficient to state a plausible claim.
- He does not identify any GW or MFA employee who allegedly denied him services at the Hospital.
- Plaintiff's lumping together of his allegations of wrongdoing against all "defendants" is violative of Rule 8 and does not put GW or MFA on notice of the actual claims against them.
- Plaintiff has not alleged that he was, in fact, "denied an opportunity or benefit" from GW's or MFA's services as required to state a claim under Title III of the ADA, that GW or MFA otherwise discriminated against him, or that GW or MFA failed to accommodate him. In fact, Plaintiff concedes in his Response that "[t]he **hospital** offered him a reasonable accommodation." *See* Pl.'s Resp., ECF No. 31 at ¶22 (emphasis added).

Indeed, the portion of Plaintiff's Response captioned "Plaintiff Stated a Plausible Claim for Disability Discrimination" claims only that "the actions of the **hospital** were discriminatory on the basis of disability" – not GW or the MFA. *Id.* (emphasis added). Plaintiff's failure to respond to the arguments GW and MFA made in their Motion to Dismiss, and his concession that he has no reason to dispute the veracity of GW's or MFA's "assertions and affidavits regarding their relationship with the hospital" (Pl.'s Resp., ECF No. 31 at ¶11), compels the conclusion that Plaintiff has no viable claims against either entity. *See Gallo v. D.C.*, 610 F. Supp. 3d 73, 83 (D.D.C. 2022), *reconsideration granted on other grounds,* 659 F. Supp. 3d 21 (D.D.C. 2023) ("Because [*pro se* plaintiff] fails to respond to these arguments in his opposition,

the Court treats them as conceded."); *Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("”When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."); *Ali v. D.C. Ct. Servs.*, 538 F. Supp. 2d 157, 161 (D.D.C. 2008) (same). GW and MFA should be dismissed with prejudice.

**GW And MFA Were Not Improperly Joined; They Were Improperly Named.**

Apparently in an attempt to avoid dismissal of his claims against District Hospital Partners, which operates the Hospital, Plaintiff argues his mistake in naming GW and MFA "is a case of simple misjoinder of parties." Plaintiff does not and cannot, however, offer any facts which might demonstrate GW or MFA are appropriate defendants, or that some unknown claims against them exist. Stated differently, there are no questions of law and fact common to all defendants in Plaintiff's claims, such that joinder might have been appropriate. Fed. R. Civ. P. 20(a)(2)(B) (parties "may be joined in one action as defendants if: any question of law or fact common to all defendants will arise in the action."). GW and MFA were not improperly joined, they were improperly sued. Plaintiff does not contend otherwise: to the contrary, he asks this Court to "drop GW[] and []MFA without dismissing the action against District Hospital Partners." Pl. Resp. ECF No. 31, at p. 5. Accordingly, dismissal of this case against GW and MFA should be with prejudice.

## Conclusion

For the reasons set forth above, and those in GW's and MFA's Motion to Dismiss, GW and MFA respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiff's First Amended Complaint with prejudice as against them.

Dated: October 30, 2024 Respectfully submitted,

GEORGE WASHINGTON UNIVERSITY
AND GEORGE WASHINGTON
MEDICAL FACULTY ASSOCIATES

*By: /s/ Raymond C. Baldwin*
Raymond C. Baldwin
rbaldwin@seyfarth.com
Samantha L. Brooks
sbrooks@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, NW
Washington, DC 20004
(202) 828-3560
Fax: (202) 641-9029
*Counsel for Defendants George Washington University and George Washington Medical Faculty Associates*

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true copy of the foregoing Reply to Motion to Dismiss was filed by CM/ECF and served via first-class mail, postage prepaid, this 30th day of October, 2024, upon

Thomas Valentine
2909 Whitehaven Blvd.
Steubenville, OH 43952
*Plaintiff, Pro Se*

I HEREBY certify that a trye and correct copy of the foregoing Motion to Dismiss was filed and served by CM/ECF, this 30th day of October, 2024, upon:

Karima Tawfik Thomson
Buchanan Ingersoll & Rooney PC
700 K St. NW, Suite 300
Washington, DC 20006
Karima.tawfik@bipc.com
*Counsel for Defendant District Hospital Partners, LP*

__*/s/ Raymond C. Baldwin*__________
Raymond C. Baldwin